UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **3:17-CR-30089-RAL** |
| Plaintiff, | |
| vs. | **OPINION AND ORDER ON MOTION FOR COMPASSIONATE RELEASE** |
| RAFAEL LOMBRANA DAVILA, | |
| Defendant. | |

A federal grand jury returned an indictment charging Rafael Lombrana Davila (Davila) with one count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846; three counts of distribution of a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and three counts of distribution of a controlled substance where children are present and reside in violation of 21 U.S.C. § 860a. Doc. 1. On February 20, 2018, Davila appeared before this Court and entered a guilty plea to counts I and V of the indictment, that is conspiracy to distribute a controlled substance and distribution of a controlled substance where children are present and reside. Docs. 30, 34. On May 14, 2018, this Court held a sentencing hearing in Davila's case and imposed a custody sentence of 121 months on both counts to run concurrently, followed by a period of supervised release for 8 years on count I and 3 years on count V to run concurrently. Docs. 40, 41 at 2–3.

Davila is currently incarcerated at Federal Correctional Institution Big Spring (FCI Big Spring) and has filed a pro se motion for compassionate release, citing his health conditions in combination with the global COVID-19 pandemic as justification. Doc. 48. The Federal Public Defender Office for the Districts of North and South Dakota (FPD) has submitted a supplement to

1

Davila's motion, and the Government has responded in opposition. Docs. 53, 55. FPD has replied. Doc. 56. This Court has considered Davila's motion, and for the reasons stated herein, denies his motion at this time.

## I.    Background

Davila's conviction resulted from his involvement in distributing methamphetamine in and around Eagle Butte, South Dakota. Doc. 37 at ¶¶ 5–17. Beginning in 2014, Davila was involved in a conspiracy to distribute 50 grams or more of methamphetamine. Doc. 37 at ¶¶ 5–17. Davila obtained methamphetamine from sources in Rapid City and sold methamphetamine on the Cheyenne River Sioux Indian Reservation. Doc. 37 at ¶¶ 9–17. With the help of a confidential informant, law enforcement arranged three controlled buys of methamphetamine from Davila at his residence in December of 2016. Doc. 37 at ¶ 9. During each transaction, Davila's four children, then ages 10, 9, 6, and 1½, were present. Doc. 37 at ¶ 9.

Under the sentencing guidelines, Davila's total offense level for these offenses was 25 and Davila was in criminal history category III. Doc. 37 at ¶¶ 31, 41. This meant that Davila's advisory guideline range was 70 to 87 months custody. Doc. 37 at ¶ 69. However, the offense charged in count I to which Davila pleaded guilty has a mandatory minimum sentence of 120 months custody.[1] Doc. 37 at ¶ 69. Under the plea agreement, the parties contemplated a 121-month custody sentence and agreed to jointly request a variance to that effect. Doc. 30 at 5. This Court held a sentencing hearing in Davila's case on May 14, 2018. Doc. 41. After hearing argument from both parties as to the appropriate sentence and finding the plea agreement to be reasonable, this Court

---

[1] Ordinarily, a conspiracy involving 50 grams or more of methamphetamine, but less than 500 grams would carry a mandatory minimum sentence of five years. However, Davila had a prior conviction for a serious drug felony and thus face a ten-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B).

varied upward and sentenced Davila to 121 months custody on each count to run concurrently with a 8-year term of supervised release on count I and a 3-year term of supervised release on count V to run concurrently. Docs. 40, 41, 42 at 2–3. Davila has been in custody since November 22, 2017, and is currently incarcerated at FCI Big Spring. Doc. 12; see also Find an Inmate, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Dec. 1, 2020).

In early 2020, a novel coronavirus, COVID-19, quickly spread across the United States and infiltrated correctional institutions. As a new virus, COVID-19 has presented somewhat of a mystery to medical professionals and society in general. Some people can contract the virus and be completely asymptomatic, while other people develop complications and die from the illness. The Centers for Disease Control and Prevention (CDC) have identified certain underlying health conditions that put individuals at higher risk for a severe form of the illness if they contract the disease. Among those at higher risk are individuals with cancer, chronic kidney disease, obesity, serious heart conditions, sickle cell disease, and Type 2 diabetes. See People with Certain Medical Conditions, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited Dec. 1, 2020).

Davila currently suffers from several medical conditions including primary hypertension, obesity, and an abnormal lung CT scan. Doc. 51 at 8, 11, 18, 52, 81, 114. In September 2020, he tested positive for COVID-19. Doc. 51 at 52. Davila has now filed a motion for compassionate release with this Court based on those circumstances and his inability to practice social distancing in the correctional facility setting during the COVID-19 pandemic. Doc. 48.

II.     **Legal Standard**

Generally, a "court may not modify a term of imprisonment once it has been imposed," except in a few, narrow circumstances. 18 U.S.C. § 3582(c). The compassionate release statute as amended by the First Step Act of 2018 provides one of those narrow avenues through which a sentence may be modified. The compassionate release statute provides in pertinent part that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i)      extraordinary and compelling reasons warrant such a reduction; . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). "The district court has broad discretion in determining whether proffered circumstances warrant a reduction in sentence." United States v. Loggins, 966 F.3d 891, (8th Cir. 2020). Ultimately, the defendant bears the burden of establishing that a sentence reduction is warranted. See United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016).

**III.   Discussion**

Davila submitted a request for compassionate release to the warden of his institution on August 2, 2020, outlining some of his medical conditions and his possible release plan. Doc. 51 at 2. On September 17, 2020, the warden denied Davila's request for compassionate release. Doc. 51 at 1. Davila's request was submitted more than thirty days ago, and the BOP has not submitted a motion for compassionate release on Davila's behalf. Therefore, this Court may entertain Davila's motion directly.

In determining whether compassionate release is justified, this Court must consider the sentencing factors in 18 U.S.C. § 3553(a), determine whether "extraordinary and compelling reasons" warrant a sentence reduction, and evaluate whether a sentence reduction is consistent with the Sentencing Commission's applicable policy statements. See 18 U.S.C. § 3582(c). The sentencing factors found in 18 U.S.C. § 3553(a) instruct this Court to consider the applicable guidelines issued by the Sentencing Commission; "the nature and circumstances of the offense and the history and characteristics of the defendant;" the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" to adequately deter criminal conduct, to protect the public; and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a). This Court also should consider the need to avoid unwarranted sentence disparities among similarly situated defendants. 18 U.S.C. § 3553(a)(6).

In conducting its analysis on compassionate release motions, this Court begins by considering the applicable § 3553(a) sentencing factors. The nature and circumstances of the offenses are detailed above and have undoubtedly impacted the lives of Davila's four children and likely those who live in the Eagle Butte community. At least 50 grams and likely around 220 grams of methamphetamine were distributed in and around Eagle Butte over several years by Davila and his co-conspirators. Additionally, Davila had prior state convictions from 2015 and 2016 for ingesting a controlled substance and possession of a controlled substance. Doc. 37 at ¶ 5. The mandatory minimum sentence for the offense to which Davila pleaded guilty was 120 months in custody. A sentence above the mandatory minimum sentence like the one imposed was necessary for several reasons. First, a lengthy sentence adequately reflected the seriousness of the offense and provided just punishment. Second, the type of criminal conduct at issue here requires

a powerful deterrent. Third, such a sentence also was designed to protect the public and provide Davila with substance abuse treatment in an effective manner. Doc. 41 at 2, 5. Overall, the 121-month sentence was sufficient to achieve the § 3553(a) sentencing factors, but it was not greater than necessary. Davila has now served approximately 43% of his full sentence and has served approximately 49.7% of his "statutory term." Doc. 51 at 155. Since he entered BOP custody, Davila, now age 35, has completed education courses, including parenting, GED, and commercial driver. Doc. 51 at 158. He is waiting to complete drug education courses. Doc. 51 at 156.

This Court next determines whether "extraordinary and compelling" reasons exist to modify a sentence. Congress has directed the Sentencing Commission to describe and provide examples of what constitutes "extraordinary and compelling" reasons with respect to the compassionate release statute. 28 U.S.C. 994(t). The Sentencing Commission provided such examples in the commentary to United States Sentencing Guideline 1B1.13. Those reasons include the defendant's terminal illness or debilitating physical or mental condition, the defendant's age in combination with the proportion of his sentence served, and certain family circumstances. U.S.S.G. § 1B1.13 cmt. n.1(A)–(C). The Sentencing Commission also included a "catch all" provision which allows one to find "extraordinary and compelling" reasons other than those specifically listed "[a]s determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13 cmt. n.1(D). However, since the First Step Act was passed, the Sentencing Commission has not updated its policy statement because it has not had a quorum. As a result, district courts have questioned whether the policy statement still applies and whether courts may consider other "extraordinary and compelling" reasons under the "catch all" provision. See United States v. Mondaca, No. 89-CR-0655 DMS, 2020 WL 1029024, at *3 (S.D. Cal. Mar. 3, 2020) (discussing the discord among district courts); United States v. Spears, No. 98-0208-SI-22, 2019 WL 5190877,

at *3 (D. Or. Oct. 15, 2019) (same); <u>United States v. Brown</u>, 411 F. Supp. 3d 446, 449–50 (S.D. Iowa 2019) (same). Many district courts have determined that the discretion given to the Director of the BOP by the Sentencing Commission extends to federal judges and allows them to consider "extraordinary and compelling reason[s] other than" those specifically described. <u>United States v. Condon</u>, No. 3:12-cr-00091-10, 2020 WL 2115807, at *3 (D.N.D. May 4, 2020) (listing cases that found federal judges may apply the "catch all" provision of U.S.S.G. § 1B1.13 comment note 1(D)).

Davila primarily argues that he qualifies for compassionate release under the serious physical or medical condition provision of U.S.S.G. § 1B1.13 comment note 1(A). Comment note 1(A) provides in relevant part that "extraordinary and compelling" reasons may exist if the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). However, Davila does not claim that it is his serious physical or medical conditions that make him unable to provide self-care in his correctional facility. Rather, he argues that the conditions of confinement, a factor not contemplated by the comment note, make it difficult or impossible to practice the type of self-care recommended by the CDC. Therefore, Davila cannot establish "extraordinary and compelling" reasons to justify a sentence reduction under comment note 1(A)(ii).

This Court next considers Davila's circumstances under the "catch all provision." Davila argues that his underlying health conditions combined with the COVID-19 pandemic establish an "extraordinary and compelling" reason other than those specifically identified to justify a sentence reduction. The COVID-19 pandemic has impacted this country and its economy in extraordinary

ways. However, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

FCI Big Spring currently has 20 active inmate infections of COVID-19 and six active COVID-19 cases among the facility's staff; 698 inmates have recovered from the illness, and the facility has reported three inmate deaths. See COVID-19, Coronavirus, Federal Bureau of Prisons https://www.bop.gov/coronavirus/ (last visited Dec. 1, 2020). The question becomes whether Davila's medical conditions—obesity, hypertension, and an abnormal lung CT scan—combined with the conditions of confinement during the COVID-19 pandemic justify compassionate release.

Davila suffers from several medical conditions including obesity and hypertension. Obesity is a known risk factor for severe complications of a COVID-19 infection while hypertension may be a risk factor for severe complications of a COVID-19 infection. On September 4, 2020, Davila tested positive for COVID-19. Doc. 51 at 126, 134. Although Davila has medical conditions that theoretically put him at a higher risk for severe illness, that has not been the case as of yet. Davila reports that he has experienced some symptoms, including sweating, elevated temperature, loss of taste and smell, weakness, and difficulty breathing. Doc. 48 at 3. However, Davila has failed to present any evidence that he experienced or is experiencing severe complications from his COVID-19 infection. Thus, this Court cannot say to what extent Davila's life is threatened by the existence of COVID-19 in FCI Big Spring, especially considering that the BOP has taken precautions to protect him and his fellow inmates. See BOP Implementing Modified Operations, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ covid19_status.jsp (last visited Dec. 1, 2020).

Davila has served a little less than half of his 121-month sentence for conspiracy to distribute methamphetamine and distributing methamphetamine where his children were present and reside. Davila appears, to his credit, to have worked on improving himself in custody. But the sentence was chosen with care, considering Davila's and his community's needs and all of the other applicable sentencing factors. Despite the risks posed by COVID-19, this Court does not find "extraordinary and compelling reasons" to justify a sentence modification because such a reduction would not be sufficient to achieve the goals of sentencing.

IV.     **Conclusion and Order**

Therefore, it is hereby

ORDERED that Davila's motion for compassionate release, Doc. 48, is denied.

DATED this __1st__ day of December, 2020.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE

9